IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES JONES,

            Plaintiff,

         v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

            Defendant.

Case No. 6:15-cv-00905-SB

**FINDINGS AND
RECOMMENDATION**

**BECKERMAN, Magistrate Judge.**

James Jones appeals the Commissioner of Social Security's ("Commissioner") final decision denying his application for Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 1381-1383f. The Court has jurisdiction to hear this appeal pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). For the reasons explained below, the district judge should remand this case for further proceedings.

# BACKGROUND

**A.    Procedural History**

On October 3, 2012, Jones filed an application for SSI, alleging disability beginning February 28, 2003, due to hidradenitis suppurativa,[1] depression, and anxiety. After the Commissioner denied Jones' application initially and upon reconsideration, Jones filed a written request for a hearing before an administrative law judge ("ALJ"). On December 13, 2013, Jones, represented by counsel, appeared and testified before an ALJ. A vocational expert ("VE") also testified at the hearing.

On January 9, 2014, the ALJ issued a decision finding Jones not disabled, as defined by the Act. Jones requested review of the ALJ's decision. In his request for review, Jones submitted post-decision evidence, including letters from his treating dermatologist Dr. Patricia O'Hare, dated April 18 and July 24, 2014, and medical records dated March 14, 2014, through September 9, 2014. (Tr. 2-3; Pl.'s Br. Ex. A.)[2]

The Appeals Council "looked at," but did not consider, the post-decision materials, based on its conclusion that "[t]he Administrative Law Judge decided your SSI case through January 9, 2014," the "new information is about a later time," and "[t]herefore, it does not affect the decision about whether you were disabled beginning on or before January 9, 2014." (Tr. 3.) The Appeals

---

[1] Hidradenitis suppurativa is a rare, chronic skin condition that features small, painful lumps under the skin. They typically develop where the skin rubs together, such as the armpits, the groin, between the buttocks, and under the breasts. http://www.mayoclinic.org/diseases-conditions/ hidradenitis-suppurativa/home/ovc-20200012 (last accessed Sept. 30, 2016). The lumps may break open and smell or cause tunnels under the skin. Hidradenitis suppurativa can persist for many years and worsen over time, with serious effects on daily life and emotional well-being. *Id*.

[2] "Tr." refers to the official transcript of the administrative record. (ECF No. 11.)

Council denied Jones' request for review, making the ALJ's decision the Commissioner's final

decision. 20 C.F.R. §§ 404.981, 422.210. Jones timely appealed.

**B.      The ALJ's Decision**

The ALJ applied the five-step disability evaluation process. 20 C.F.R. § 404.1520. At step

one, the ALJ found Jones had not engaged in substantial gainful activity since October 3, 2012, the

application date. (Tr. 24.) At step two, the ALJ determined Jones suffered from the severe

impairment of hidradenitis suppurativa. (Tr. 24.) The ALJ concluded that Jones was not presumed

disabled at step three, because his condition did not meet or equal any of the listed impairments. 20

C.F.R., Pt. 4, Subpt. P, App. 1. (Tr. 25.) The ALJ then assessed Jones' residual functional capacity

("RFC"), and applied the RFC assessment at steps four and five. *See* 20 C.F.R. § 404.1520(4)

("Before we go from step three to step four, we assess your residual functional capacity. . . . We use

this residual functional capacity assessment at both step four and step five when we evaluate your

claim at these steps.").

The ALJ found that Jones retained the RFC:

> to perform a range of light work as defined in 20 CFR 416.967(b) except he is further
> limited to no more than occasional stooping, crawling and climbing, or more than
> frequent crouching. The claimant is limited to no more than occasional overhead
> reaching bilaterally, and he must avoid more than occasional exposure to temperature
> extremes, wetness and humidity. He is precluded from working in the food industry.

(Tr. 26.) Although the ALJ recognized that Jones' impairments "could reasonably be expected to

cause the alleged symptoms[,]" he rejected Jones' subjective testimony as "not entirely credible"

because, among other things, the objective medical evidence did not fully support the level of

limitation claimed. (Tr. 27-28.)

Page 3 - FINDINGS AND RECOMMENDATION

On the basis of this RFC assessment, the ALJ found that Jones was unable to perform his past relevant work (as a pizza delivery driver, hotel front desk clerk, marketing company resetter, record store clerk/assistant manager, and glass worker at a design company), because of the "very heavy exertional demands." (Tr. 28.) At step five, the ALJ determined Jones was not disabled, because he retained the capacity to perform other work that existed in sufficient numbers in the national economy. In making this determination, the ALJ posed a hypothetical question to the VE based upon Jones' RFC. In response, the VE testified that a person with the specified RFC could perform occupations such as optical goods polisher and inspector, inspector-small products assembly, and electronics worker. (Tr. 29.)

## STANDARD OF REVIEW

A district court reviews the Commissioner's decision to ensure that the Commissioner applied proper legal standards and that the ALJ's findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Bray v. Comm'r of Soc. Sec. Admin.,* 554 F.3d 1219, 1222 (9th Cir. 2009). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue,* 504 F.3d 1028, 1035 (9th Cir. 2007). The Commissioner's decision must be upheld if it is a rational interpretation of the evidence, even if there are other possible rational interpretations. *Magallanes v. Bowen,* 881 F.2d 747, 750 (9th Cir. 1989). The reviewing court may not substitute its judgment for that of the Commissioner, *Robbins v. Soc. Sec. Admin.,* 466 F.3d 880, 882 (9th Cir. 2006), or "give vent to feelings of compassion." *Winans v. Bowen,* 853 F.2d 643, 655 (9th Cir. 1987).

**DISCUSSION**

Jones' primary argument on appeal is that the Appeals Council erred by failing to consider the additional medical evidence he submitted in support of his request for review, and that therefore the Court should remand the case. The Court agrees that remand is appropriate here, to allow the ALJ to consider Jones' additional evidence.

**A.      The Appeals Council Should Have Considered the Additional Evidence.**

Jones argues that the Appeals Council erred in failing to consider the post-decision medical evidence he submitted in support of his request for review. (Pl.'s Br. 8.) The Appeals Council "looked at" the evidence, but did not consider the evidence, because it concluded that the evidence related only to the post-decision time period. (Tr. 2-3.) In so concluding, the Appeals Council erred.

The Appeals Council "shall" consider new and material evidence if it "relates to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 404.970(b); *see also Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1232 (9th Cir. 2011) ("[M]edical evaluations made after the expiration of a claimant's insured status are relevant to an evaluation of the preexpiration condition.") (citation and quotation omitted). In *Taylor,* the plaintiff proffered to the Appeals Council a psychiatric evaluation and medical source statement, which had not been provided to the ALJ. *Id*. at 1231. The new evidence post-dated the ALJ's decision, but was based on treatment that occurred during the relevant disability period. *Id.* The Appeals Council did not consider the evidence. *Id.* at 1232-33. The Ninth Circuit found that because the evaluations concerned plaintiff's limitations during the relevant period of disability, the Appeals Council should have considered the records. *Id.* at 1233. The Ninth Circuit held that "[w]here the Appeals Council

was required to consider additional evidence, but failed to do so, remand to the ALJ is appropriate

so that the ALJ can reconsider its decision in light of the additional evidence." *Id.* (citing 20 C.F.R.

§ 404.970(b)).

More recently in this district, a claimant submitted to the Appeals Council, among other

things, a comprehensive psychological evaluation report that post-dated the ALJ's decision. *Powell*

*v. Colvin*, 6:14-cv-01900-SI, 2016 WL 706199, at *1 (D. Or. Feb. 22, 2016). Like here, the Appeals

Council "looked at" the medical report, but refused to examine it based on its conclusion that the

new information related to a later time period. *Id.* at *4. Relying on *Taylor*, the court found that

"[a]lthough [the new materials] were dated after the ALJ's decision, [the physician] indicated that

he was able to infer that [claimant's] mental limitations existed at the present level dating back [two

years prior to the ALJ's decision.]" *Id.* The court held that the Appeals Council erred in concluding

that the post-decision evidence related to a later time period, and remanded the matter to the ALJ for

consideration of the new evidence. *Id.* at *4-5.

Consistent with *Taylor*, this Court finds that the additional evidence Jones submitted to the

Appeals Council "relates to the period" of alleged disability, even though the new materials post-date

the ALJ's decision. At issue are two medical opinions submitted by Dr. O'Hare, Jones' treating

dermatologist, along with six months of medical records. Dr. O'Hare clearly states in her post-

decision April 1, 2014, opinion, that Jones had been her patient "for over 10 years." (Pl.'s Brief Ex.

A at 1.) Thus, Dr. O'Hare was Jones' treating physician during the period of alleged disability

(February 2003 through January 9, 2014). In her post-decision opinions, Dr. O'Hare provides an

assessment of Jones' hidradenitis suppurativa, a condition from which Jones suffered and Dr. O'Hare

treated for over a decade, not a new condition or new symptoms that arose or flared up after the ALJ's decision. (Pl.'s Brief Ex. A at 1-2.) In her opinions, Dr. O'Hare states that Jones' "prolonged, debilitating history" of hidradenitis suppurativa is "inadequately controlled," severely limits his activities of daily living, and results in psychological hardship. (*Id.*). Dr. O'Hare explains that Jones' condition makes it "painfully difficult to raise his arms [and] ambulate." (Pl.'s Brief Ex. A at 1.) Dr. O'Hare further explains that Jones has failed all approved medical therapies and surgical intervention. (Pl.'s Brief Ex. A at 2, 39.) Notably, Dr. O'Hare does not limit her opinion to Jones' condition during the post-decision time frame, nor focus on any post-decision developments.

Based on a careful review of the additional evidence, the Court concludes that the evidence submitted by Jones necessarily "relates to the period" of disability considered by the ALJ. *See Crawford v. Colvin*, No. ED CV 15-1436-PLA, 2016 WL 1237342, at *7 (C.D. Cal. Mar. 28, 2016) (finding that post-decision medical opinions "'relate to' the time period considered by the ALJ because they report on the same conditions plaintiff claimed as the bases of her disability and that the ALJ found to be severe impairments"); *Morton v. Colvin*, 2:15-cv-34-RMP, 2016 WL 1089264, at *4 (E.D. Wash. Mar. 18, 2016) ("While Dr. Grosdidier also discussed [claimant's] condition through 2013 . . . the Court finds that the Appeals Council erred in finding that Dr. Grosdidier's opinion was not relevant to [claimant's] disability status between March 17, 2011, and September 30, 2011."); *Wendelin v. Colvin*, No. ED CV 13-1920-SP, 2014 WL 7149535, at *4 (C.D. Cal. Dec. 11, 2014) (holding that Appeals Council erred in finding that doctor's opinion did not relate back to the period before the ALJ's hearing decision, because "nothing in [the doctor's] opinion suggests that it was limited to the period after the hearing decision"); *Ward v. Colvin*, No. 2:13-cv-1390-EFB,

2014 WL 4925274, at *4 (E.D. Cal. Sept. 30, 2014) (remanding where "the Appeals Council refused to consider the [additional evidence] based on its mistaken conclusion that it only pertained to a later period that was not relevant"); *Mancillas v. Colvin*, Case No. 5:13-cv-02522-PSG, 2014 WL 2918897, at *3-4 (N.D. Cal. June 26, 2014) (finding that Appeals Council erred by refusing to consider psychiatric evaluation and medical source statement that post-dated ALJ decision but were based on treatment rendered prior to ALJ decision). Accordingly, the Court finds that the Appeals Council erred by not considering the additional evidence.

**B.    Remand is Appropriate.**

When the Appeals Council "looks at," but does not consider, additional evidence submitted by a claimant, the court evaluates remand under sentence six of 42 U.S.C. § 405(G). *See Neuhauser v. Colvin*, No. C14-5421 BHS, 2015 WL 5081132, at *3 (W.D. Wash. Aug. 27, 2015) (vacating judgment and remanding under sentence six, and finding that court erred in initially remanding case under sentence four); *Armani v. Colvin*, No. C14-1175-RSM-MAT, 2015 WL 3561670, at *2 n.2 (W.D. Wash. May 19, 2015) (noting that sentence six remand is appropriate where Appeals Council has not considered additional evidence).[3]

The Commissioner argues that the Court may only remand under sentence six if Jones has demonstrated that the additional evidence he submitted to the Appeals Council is material to the ALJ's nondisability determination, and that good cause exists for failing to produce the evidence earlier. (Def.'s Br. 12-13) (citing 42 U.S.C. § 405(g)). Another court in this district has questioned

---

[3] *Brewes v. Astrue,* 682 F.3d 1157 (9th Cir. 2012), cited by Jones, only applies when the Appeals Council considers new evidence and incorporates it in the administrative record. *See Mancillas*, 2014 WL 2918897, at *5 ("*Brewes* does not apply here, since [the new] assessment was never considered by the Appeals Council at all.").

whether remand under these circumstances is subject to the materiality and good cause requirements of sentence six. *See Powell*, 2016 WL 706199, at *5 (remanding for ALJ to consider new evidence, and noting that the courts in *Taylor*, *Ward*, and *Mancillas* remanded without discussing the good cause and materiality requirements). If Jones must demonstrate materiality and good cause, he has done so here.

"New evidence is material if it bears 'directly and substantially on the matter in dispute' and the petitioner demonstrates a 'reasonable possibility' that the new evidence would have changed the outcome of the administrative hearing." *Oliver v. Astrue*, No. C 11-04354 LB, 2013 WL 211131, at *24 (N.D. Cal. Jan. 16, 2013) (citing *Luna v. Astrue*, 623 F.3d 1032, 1034 (9th Cir. 2010)). Here, the ALJ's decision turned, in large part, on his rejection of treating dermatologist Dr. O'Hare's November 2009 opinion, explaining that Jones has a history of hidradenitis suppurativa, his condition has significantly worsened, he is unable work due to his condition, and he will likely require surgical intervention to be able to control the disease. (Tr. 223). The ALJ gave "little weight" to the 2009 opinion, because "more recent evidence obtained at the hearing level indicates that the claimant achieved improvement from less invasive treatment, including improved hygiene and prescribed medication and lotion[,]" and because "[i]ncision and drainage procedures have occurred relatively infrequently, and have imposed minimal interruption on the claimant's activities of daily living." (Tr. 28.) In other words, the ALJ concluded that as of the hearing date (January 9, 2014), Jones' condition had improved and that hygiene, medication, and lotion were sufficient to treat Jones' condition.

//

Page 9 - FINDINGS AND RECOMMENDATION

Dr. O'Hare's April and July 2014 assessments contradict the ALJ's conclusion that Jones' condition had improved as of January 2014, that his condition is treatable, and that his activities of daily living were not significantly impacted. *See Armani*, 2015 WL 3561670, at *3 (holding that there was a reasonable probability that the new evidence would have changed the ALJ's decision because the new evidence suggested that the claimant's condition had not significantly improved, contrary to the ALJ's determination). At the time of the 2014 assessments, Dr. O'Hare had treated Jones for over ten years, and her 2014 assessments updated and corroborated her 2009 assessment. Contrary to the ALJ's conclusion that "more recent evidence" indicates that Jones' condition was improving as of January 2014, Dr. O'Hare's assessments reveal that Jones' condition had not improved between 2009 and 2014, and had not responded to any medical therapies or surgical interventions. If the ALJ gives weight to Dr. O'Hare's more recent opinions, those opinions corroborate Jones' subjective testimony, which the ALJ rejected as "not entirely credible" because, among other things, the objective medical evidence available to the ALJ did not fully support the level of limitation Jones claimed. (Tr. 27-28.) As a result, the additional medical evidence is material to the ALJ's analysis at steps three,[4] four, and five. *See Winland v. Colvin*, No. 13-cv-057798 BHS

---

[4] Hidradenitis suppurativa is among the list of impairments in the Social Security regulations that is so severe it leads automatically to a finding of disability. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 8.06. Listing 8.06 requires "extensive skin lesions involving both axillae, both inguinal areas or the perineum that persist for at least 3 months despite continuing treatment as prescribed." 20 C.F.R., Pt. 404, Subpt. P, App. 1 § 8.06. At step three, the ALJ acknowledged that "the record documents extensive skin lesions involving both axillae, groin, and left lower abdomen" as required by Listing 8.06. (Tr. 25.) The ALJ concluded, however, that Jones did not meet or equal the requirements of Listing 8.06 because "the duration of such lesions appears to respond to prescribed treatment." (Tr. 25.) In light of the additional medical evidence, the ALJ may determine that Jones' lesions were at the required level of severity for at least three months, despite continuing treatment, and conclude that he meets or equals the requirements of Listing 8.06.

Page 10 - FINDINGS AND RECOMMENDATION

JRC, 2014 WL 4187212, at *4 (W.D. Wash. July 25, 2014) (finding that "there is a reasonable possibility that [the new medical opinion] would have changed the outcome of the present case," in light of the fact that the new evaluation was more comprehensive than the medical opinion the ALJ considered); *Mancillas*, 2014 WL 2918897, at *5 ("Because the Appeals Council failed to consider [the additional] assessment, this court can do no more than speculate about how the assessment might or might not have affected the ultimate nondisability determination."); *Oliver*, 2013 WL 211131, at *25 (concluding that the medical records the Appeals Council did not consider were material, and noting that the new medical records "support[] a different RFC and hypothetical," especially because the new records may cause the ALJ to reconsider the weight given to other medical opinions and the petitioner's testimony). The Court finds that the new medical evidence bears directly and substantially on the matter in dispute, and Jones has demonstrated a reasonable possibility that the new evidence would have changed the ALJ's nondisability determination.

Jones has also satisfied the sentence six requirement that he demonstrate "good cause" for not presenting the new evidence earlier, because the additional medical evidence post-dated the ALJ's decision, and because Jones submitted the additional evidence to the Appeals Council. *See Armani*, 2015 WL 3561670, at *3 ("Plaintiff has good cause for not submitting the new evidence earlier, because the evidence consists of treatment notes that post-date the ALJ's decision[.]").

The Court concludes that the additional evidence Jones submitted to the Appeals Council is material, and that Jones demonstrated good cause for not submitting the evidence earlier. As a result, the Court concludes that the ALJ should be afforded an opportunity to reconsider his decision in light of the new evidence. In connection with evaluating the new evidence, the ALJ should reconsider (i)

if Jones meets or equals the requirements of Listing 8.06; (ii) the weight he afforded Dr. O'Hare's 2009 opinion; and (iii) the credibility of Jones' subjective testimony; and, if warranted, amend the RFC and VE hypothetical accordingly.[5]

Finally, the Court recognizes that remanding this case to allow the ALJ to consider the evidence Jones submitted to the Appeals Council in 2014 is an inefficient outcome, contributing to the lengthy period of time it has taken to resolve Jones' 2012 application for SSI income (a problem not unique to this case). However, the remand underscores the importance of the Appeals Council's duty to review carefully any additional evidence submitted by claimants, to avoid the delay and expense of remands like the one here.

## CONCLUSION

Based on the foregoing, the district judge should REMAND this matter to the Commissioner for further consideration, pursuant to sentence six of 42 U.S.C. § 405(g).

//

//

//

//

//

//

//

---

[5] In light of the reasons underlying the Court's remand recommendation, the Court does not reach Jones' arguments that the ALJ's step five determination was not supported by substantial evidence, and that the ALJ did not give sufficient reasons to reject Jones' testimony. (Pl.'s Br. 14-19.)

**SCHEDULING ORDER**

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, the Findings and Recommendation will go under advisement on that date. If objections are filed, a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this 30th day of September 2016.

_____
STACIE F. BECKERMAN
United States Magistrate Judge